H. F. WATSON Co., Appellant, v. BORDEN & SWERINGEN *et al.*, Respondents.

Kansas City Court of Appeals, February 1, 1897.

Replevin: RESCISSION: FRAUD: INNOCENT PURCHASER. In an action of replevin based on the fraud of the purchaser and an election to rescind, the plaintiff, where the defendant is holding under deed of trust for the creditors of the purchaser, must show that defendant or the creditors had knowledge of the fraud.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellants.

The court should have permitted the jury to pass on the question as to whether under the evidence the defendants purchased the goods with the intention of not paying for them. *Herboth v. Gaal*, 47 Mo. App. 255. If there is any evidence from which an inference may be logically drawn, the jury should decide the question, and any inference in favor of plaintiff is not rebutted, or overcome by some other inference in favor of defendant, because the weight of the inference is for the jury. *Herboth v. Gaal, supra; Bidault v. Wales*, 20 Mo. 546.

*Yeager & Strother* and *E. McD. Colvin* for respondents.

The trustee and the creditors secured by the deeds of trust can hold the goods against plaintiff. *Taylor v. Smith*, 47 Mo. App. 141. This case was tried according to the law. Plaintiff's own evidence showed it was not entitled to recover, and the judgment should be affirmed.

ELLISON, J.—Plaintiffs, who are wholesale manufacturers, sold to defendants Borden & Sweringen a bill of merchandise. Afterward plaintiffs drew a draft at three months on Borden & Sweringen for the amount of the bill which the latter accepted and plaintiffs negotiated to creditors of theirs and it was in the hands of such creditors when this action was begun. After the sale and delivery of the goods Borden & Sweringen made two deeds of trust to defendant Colvin as trustee to secure their creditors, these plaintiffs being included in the second trust deed. Defendant Colvin was in possession under these deeds when the goods were replevied by plaintiffs. The action is brought on the ground that defendants Borden & Sweringen bought the goods intending at the time never to pay for them. A demurrer to the evidence was sustained and judgment entered for defendants.

The judgment will be affirmed. If we should concede that there was enough in the evidence to justify submitting to the jury the question whether defendants Borden & Sweringen were guilty of a fraud on plaintiffs in purchasing the goods—that they at the time never intended to pay for them, yet there is no pretense of any evidence to show that defendant Colvin

who was in possession of the goods with the legal title in himself as trustee, had any knowledge of the alleged fraud, or that any of the beneficiaries in the trust deeds had any such knowledge. In the absence of a showing to the contrary we must assume the deed of trust to have been valid and based on a sufficient consideration. If there was any reason why it did not protect Colvin (and give him the better right) in his possession of the property, plaintiff should have made it appear. The judgment is affirmed. All concur.